NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPRINT SPECTRUM L.P., et al., | Civil Action No.: 09-4940 (JLL) |
| Plaintiffs, | |
| v. | OPINION |
| THE ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF PARAMUS, NEW JERSEY, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on a motion filed by Plaintiffs for reconsideration of this Court's Order dated November 22, 2010 (CM/ECF No. 41). Plaintiffs alternatively move to certify the Court's decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant opposes both motions. The Court has considered the submissions in support of and in opposition to the present motions and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.

**I.  BACKGROUND**

As the Court writes only for the parties, a familiarity with the underlying facts in this case will be assumed, and the facts will not be repeated except where necessary to provide context for the motions.

## II.   DISCUSSION

### A.   Motion for Reconsideration

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment. Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L. Civ. R. 7.1(i). Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at * 1 (D.N.J. Oct.18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at * 1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). Plaintiffs here do not argue that an intervening change in law has occurred or that any previously unavailable evidence has become available. Plaintiffs instead argue that the Court applied an incorrect legal standard in its Effective Prohibition analysis under 47 U.S.C. § 332(c)(7)(B)(i)(II) and failed to take certain evidence into account in its Substantial Evidence review under 47

U.S.C. § 332(c)(7)(B)(iii).

With respect to this Court's Effective Prohibition analysis, Plaintiffs assert that an applicant's consideration of alternative system designs is sufficient to show that the proposed technology is the "least intrusive means" of filling the coverage gap.  The law of the Third Circuit, however, requires that the applicant "show that the manner in which it proposes to fill the significant gap in service is the least intrusive on the values that the denial sought to serve." Omnipoint Communications Enterprises, L.P. v. Zoning Hearing Bd. of Easttown Tp., 331 F.3d 386, 397-98 (3d Cir. 2003).  While this analysis does "require a showing that a good faith effort has been made to identify and evaluate less intrusive alternatives, e.g., that the provider has considered . . . alternative system designs," id., the ultimate inquiry for the District Court, as repeated in numerous Third Circuit decisions, is whether the proposed solution *is* the least intrusive means to the fill the gap.  See id.; Nextel West Corp. V. Unity Tp., 282 F.3d 257, 266 (3d Cir. 2002); Cellular Telephone Co. v. Zoning Bd. of Adjustment of the Borough of Ho-Ho-Kus, 197 F.3d 64, 76 (3d Cir. 1999); APT Pittsburgh Ltd. Partnership v. Penn Tp. Butler County of Pennsylvania, 196 F.3d 469, 480 (3d Cir. 1999).  Thus, the Court cannot resolve the least intrusive means inquiry solely based on a showing that an applicant has considered alternative technologies, sites, or designs.

With respect to this Court's Substantial Evidence analysis, Plaintiffs argue that regardless of any issues of fact concerning the feasibility of implementing the DAS, the Board's findings that Plaintiffs "failed to investigate other less intrusive ways of providing coverage" and "did not put forth a good faith effort to explore and investigate alternative technology to provide coverage" are not supported by substantial evidence in the record.  (Pl.'s Br. 13.)  To support this

contention, Plaintiffs cite evidence of their efforts to identify alternative sites and their presentation of expert testimony regarding the DAS, both of which the Court noted in its November 22 Opinion. (Id.) A zoning board's inquiry into an applicant's exercise of "good faith" in this context would necessarily take into account the extent to which the applicant investigated alternative technologies, as warranted by the apparent feasibility of such alternatives. A truly viable alternative would warrant closer scrutiny than a less practical proposal, and the zoning board's conclusions regarding this determination would be upheld if supported by substantial evidence in the record. As conflicting testimony was presented to the Board regarding the DAS, the Court declines to determine whether the Board's findings with respect to Plaintiffs' "good faith" were supported by substantial evidence without first resolving the related issues of fact. Indeed, at summary judgment the Court "must view the evidence in the light most favorable to the non-moving party resolve all reasonable doubts as to the existence of a genuine issue of material fact against the movant." Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986) (internal citation omitted). Here any doubts as to the existence of issues of fact material to the Substantial Evidence analysis were properly resolved in favor of Defendant.

**B.      Motion to Certify for Interlocutory Appeal**

In order to certify a question to the Court of Appeals, a district court must find that the following three factors are satisfied: (1) the certified order involves a controlling question of law; (2) there is substantial ground for difference of opinion with respect to that question; and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). Even if all three criteria are present, the decision to certify is wholly within the district court's discretion. In re

Norvergence, Inc., No.08-1910, 2008 WL 5136706, at *2 (D.N.J. 2008) (citing Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976). Certification, however, should only rarely be allowed, as it deviates from the strong policy against piecemeal litigation. Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996).

Plaintiffs argue that certification for interlocutory appeal is warranted because the Court's decision "implicates issues of federal preemption and the extent that localities can require consideration of alternate technologies." (Pl.'s Br. at 14.) However, as Defendant correctly notes, the Court's decision did not reach certain legal defenses raised in Defendant's brief, the Court having found that genuine issues of material fact precluded summary judgment. Thus, the Court's Order does not involve a controlling question of law on these issues, as Plaintiffs' preemption and other legal arguments remain subject to legal defenses which this Court has not yet considered. Interlocutory appeal would therefore not materially advance the termination of this litigation but would rather result in the piecemeal determination of related legal issues. The Court therefore concludes that certification for interlocutory appeal would be inappropriate.

### III.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration and motion to certify this Court's decision for interlocutory appeal are denied. An appropriate Order accompanies this Opinion.

DATED: January 19, 2011                 /s/ Jose L. Linares
                                        JOSE L. LINARES
                                        UNITED STATES DISTRICT JUDGE