## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SPRINT SPECTRUM L.P. and T-MOBILE NORTHEAST COMMUNICATIONS LLC (f/k/a OMNIPOINT COMMUNICATIONS, INC.), a Wholly Owned Subsidiary of T-Mobile USA, Inc.,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF PARAMUS NEW JERSEY,**<br><br>Defendants. | Civ. No. 09-04940 (KM) (MAH)<br><br><br>**OPINION AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

Sprint Spectrum L.P. and T-Mobile Northeast LLC (collectively "Plaintiffs") filed this action for declaratory and injunctive relief against the Zoning Board of Adjustment of the Borough of Paramus ("Defendant" or "Board"), for violations of the Telecommunications Act of 1996 and of the New Jersey Municipal Land Use Law.[1]

**IT APPEARS** that this matter comes before the Court on Plaintiffs' motion to strike the demand for a jury trial filed by Defendant; and it further

**APPEARS** the Telecommunications Act does not provide a statutory right to a jury trial. Therefore, the Board's jury trial demand depends on the existence of a jury trial right under the Seventh Amendment of the Constitution; and it further

---

[1] Because the Court writes only for the parties, this Opinion and Order is limited to those matters that are essential to the resolution of the present motion.

**APPEARS** that the Seventh Amendment right to a jury trial does not extend to claims for equitable relief;[2] and it further

**APPEARS** that Plaintiffs do not seek relief other than declaratory and injunctive relief, both of which are equitable in nature; and it further

**APPEARS** that the Board concedes that it has no right to a jury trial, but nevertheless asks the Court to empanel an advisory jury because it considers an advisory jury to be "something akin to the [Board];" and it further

**APPEARS** that the use of an advisory jury is unwarranted in this case, as it would only lengthen and complicate an already protracted proceeding. Empaneling an advisory jury would not alleviate the Court's obligation to "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Nor is there any need to impose upon the time of jurors only to have the result of their attention and deliberations treated as merely advisory.

**IT IS THEREFORE**, on this 4th day of March, 2013,

**ORDERED** that Plaintiffs' motion, Docket Entry No. 97, is **GRANTED**.


**Date: March 4, 2013**


KEVIN MCNULTY, U.S.D.J.

---

[2] *See Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 (3d Cir. 1994) ("no jury right attaches to equitable claims"); 47 Am. Jur. 2d Jury § 33 (2012) ("Equitable actions do not require a jury trial in federal courts, and no right to a jury attaches to claims for equitable relief.")